UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BANKRUPTCY DIVISION

```
                        )
In Re:                  )      Chapter 7
HILDO L. DACOSTA        )      Case No. 10-21008-JNF
      Debtor            )
_____)
                        )
GARY W. CRUICKSHANK     )
CHAPTER 7 TRUSTEE OF    )
HILDO L. DACOSTA        )
      Plaintiff         )
                        )      Adversary Proceeding
v.                      )      No. 11-
                        )
HILDO L. DACOSTA        )
      Defendant         )
                        )
```

COMPLAINT TO BAR DEBTOR'S DISCHARGE

INTRODUCTION

This is the Complaint of Gary W. Cruickshank, Chapter 7
Trustee of the above captioned Debtor seeking an Order of this
Court which bars the discharge of the Debtor.

PARTIES AND JURISDICTION

1.   The Plaintiff is Gary W. Cruickshank, Chapter 7 Trustee
     of the above captioned Debtor, with an usual place of
     business at 21 Custom House Street, Suite 920, Boston,
     Massachusetts.

2.  The Debtor filed his Chapter 7 case on October 7, 2010
    and the Plaintiff was appointed Chapter 7 Trustee
    shortly thereafter.

3.  The Defendant is a natural person who resides at 361
    Fanueil Street, Apartment 3, Brighton, Massachusetts
    02135.

4.  Jurisdiction of this Court is based upon 11 U.S.C.
    Section 727(a)(3), 11 U.S.C. Section 727(a)(4) and 28
    U.S.C. 157(b)(2)(J).

<u>CAUSES OF ACTION</u>

5.  At the initial 11 U.S.C. 341 meeting on November 10,
    2010, said meeting was continued in order for the
    Debtor to provide various additional documents to the
    Trustee and a creditor who attended that meeting
    (hereinafter the "Documents").

6.  Those Documents were not provided nor did the Debtor
    appear at the continued 11 U.S.C. 341 meeting on
    December 21, 2010.

7.  The Trustee asserts that the Debtor has violated 11
    U.S.C. Section 727(a)(3) by failing to deliver to the
    Trustee and the Creditor requested documents and he
    herefore concealed those records by which the Debtor's
    financial condition or business transactions might be
    ascertained.

8.  the Debtor has no indicated any circumstances which justify that failure to produce those documents.

## COUNT II

9.  At the initial 11 U.S.C. 341 meeting, the Debtor testified that he owned real estate in Brazil.

10. That real estate was no listed on the Debtor's schedules nor have amended schedules been filed to indicate the ownership of said real estate.

11. The Trustee states that the failure of the Debtor to list that real estate on his Schedules was knowing and fraudulent and therefore violated 11 U.S.C. Section 727(a)(4)(A).

WHEREFORE, the Trustee respectfully requests pursuant to Count I and Count II above that the discharge of the Debtor be denied and that the Trustee have such other and further relief as is just.

Dated: January 4, 2011            /s/Gary W. Cruickshank, Esq.
                                  Trustee in Bankruptcy of
                                  Hildo DaCosta
                                  21 Custom House Street
                                  Suite 920
                                  Boston, MA 02110
                                  (617) 330-1960
                                  (BBO107600)
                                  gwc@cruickshank-law.com

CERTIFICATE OF SERVICE

    I, Gary W. Cruickshank, hereby certify that a copy of the
foregoing Answer has been served, electronically and by regular
United States mail, postage prepaid, upon Mark Archer,.Esq.,
Counsel to the Defendant, 5 Fletcher Street, Chelmsford,
Massachusetts 01824 and to Hildo L. DaCosta, 1361 Faneuil Street,
apartment 3, Brighton, Massachusetts 02135.

Dated: January 4, 2011            /s/Gary W. Cruickshank, Esq.